UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 21-cv-81563-CANNON/REINHART

ABBEY VILLAGE CONDOMINIUM
ASSOCIATION, INC,

        Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY
and GREENWICH INSURANCE
COMPANY.

        Defendants.
_____

**REPORT AND RECOMENDATION ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 26)**

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") moves for Judgment on the Pleadings (the "Motion"). ECF No. 26.  The Motion was referred to me by the Hon. Aileen M. Cannon on February 28, 2022. ECF No. 27. I have reviewed the Complaint (ECF No. 1-2), the Motion (ECF No. 26), the Notice of Joining the Motion from Defendant Greenwich Insurance Company ("Greenwich") (ECF No. 28), Abbey Village's Response and Amended Response (ECF Nos. 31, 52), Greenwich's Replies (ECF Nos. 34, 53), Mt. Hawley's Reply (ECF No. 55), and the parties' memoranda regarding consideration of documents outside the four corners of the pleadings (ECF Nos. 50, 51, 54, 56). For the reasons stated herein, it is **RECOMMENDED** that the Motion be **GRANTED IN PART and DENIED IN PART.**

## JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss. *See Ballard Hosp'y, LLC v. DGD Transport, LLC*, No. 1:18-cv-22556-JEM-(AJ), 2019 WL 12372063, at *1 (S.D. Fla Mar. 28, 2019) (J. Jordan). "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). The moving party bears the burden of proving they are entitled to dismissal. *See Ballard Hosp'y,* 2019 WL 12372063, at *1. Accordingly, well-pleaded allegations within the complaint are accepted as true and are construed in favor of the non-moving party. *See Cunningham v. Dist. Attorney's Office for Escambia Cnty*, 592 F.3d 1237, 1255 (11th Cir. 2010); *Miami Herald Pub. Co. v. Ferre*, 636 F. Supp. 970, 974 (S.D. Fla. 1985) (J. King).

## PROCEDURAL BACKGROUND

Against Mt. Hawley, Abbey Village alleges one count of Breach of Contract (Count I), one count of Breach of Fiduciary Duty (Count II), one count of Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III), and one count of Negligence (Count IV). Against Greenwich, Abbey Village alleges one count of Breach of Contract (Count V), one count of Breach of Fiduciary Duty (Count VI), one count of Breach of Implied Covenant of Good Faith and Fair Dealing (Count VII), and one count of Negligence (Count VIII). Abbey Village filed its initial complaint in the Fifteenth Judicial Circuit Court, in and for Palm Beach County, Florida, on August 6, 2021. ECF No. 1-2 at 6-18 (the "Complaint"). Mt. Hawley filed a timely

Notice of Removal on September 2, 2021, (ECF No. 1), and each defendant answered the Complaint on September 29, 2021. ECF Nos. 11, 12.

On February 24, 2022, Mt. Hawley filed the instant Motion. ECF No. 26. Greenwich subsequently filed a Notice of Joining in Mt. Hawley's Motion. ECF No. 28. On March 24, 2022, Abbey Village filed its Response in Opposition to the Motion. ECF No. 31. On March 31, 2022, Greenwich filed a Reply to Abbey Village's Response ("initial Reply"). ECF No. 34. On June 9, 2022, this Court held a status conference to address procedural matters. ECF No. 45. For the reasons discussed on the record, Abbey Village was permitted to file an Amended Response to Defendants' Motion and the parties were directed to file memoranda regarding whether the Court can, at this procedural posture, consider documents outside the four corners of the pleadings. Abbey Village filed its Amended Response on July 25, 2022. ECF No. 52. The Defendants filed their memoranda that same day. ECF Nos. 50, 51. On August 8, 2022, Greenwich filed its Reply and Abbey Village filed its memorandum. ECF Nos. 53, 54. Mt. Hawley filed its Reply on August 9, 2022. ECF No. 55. On August 15, 2022, Mt. Hawley filed its Reply to Abbey Village's memorandum. ECF No. 56.

**FACTS ALLEGED IN THE COMPLAINT**

Abbey Village is a condo association in Palm Beach County, Florida. ¶ 2.[1] Abbey Village entered into a contract with Mt. Hawley for liability insurance coverage from May 31, 2019, to May 31, 2020, pursuant to a Commercial General Liability Policy (the "Mt. Hawley Policy"). ¶ 6; *see also* ECF No. 1-2 at 20–75. Abbey Village

---

[1] Unless otherwise noted, all paragraph numbers correspond to the paragraphs in the Complaint.

entered into a contract with Greenwich to receive insurance coverage pursuant to a Commercial Excess/Umbrella Liability Policy from May 31, 2019, to May 31, 2020 (the "Greenwich Policy"). ¶ 21, *see also* ECF No. 1-2 at 77–147. Abbey Village alleges that pursuant to the Mt. Hawley Policy and Greenwich Policy (collectively, the "Policies"), both Defendants "had a duty to indemnify and defend Abbey Village from liability claims" and in doing so, "owed Abbey Village a duty to act in the best interest of Abbey Village as a fiduciary," "had a duty to conduct a good faith investigation into liability claims made against Abbey Village," and in investigating liability claims, "owed Abbey Village a duty of good faith and reasonable care." ¶¶ 12–15, 27–30.

On or about January 11, 2020, an individual visiting a resident of Abbey Village (the "Injury Claimant") was allegedly injured on Abbey Village property by a storage room door swinging closed from a gust of wind. ¶¶ 36–37. The Injury Claimant "blamed his alleged injuries on purported negligence by Abbey Village" and made a claim for $2.5 million in damages against Defendants. ¶¶ 38–40. Abbey Village alleges that Mt. Hawley requested authorization to obtain medical records from the Injury Claimant, but he would not provide them. ¶¶ 41–44. Nine days after the Injury Claimant made his demand for the $2.5 million, Mt. Hawley agreed to pay the Injury Claimant the full $1 million limit of the Mt. Hawley Policy. ¶ 46. Upon demand from the Injury Claimant, Greenwich then paid him additional damages without, as Abbey Village alleges, conducting any further investigation into the legitimacy of the Injury Claimant's claims or damages. ¶¶ 47–50.

Abbey Village alleges that by failing to investigate the Injury Claimant's claim in good faith or defend Abbey Village from the claim, the Defendants failed to perform their obligations pursuant to their respective contracts, resulting in Abbey Village suffering damages (namely, substantially increased liability insurance premiums). ¶¶ 20, 35, 51–60.

## PARTIES' ARGUMENTS

Defendants argue that they are entitled to judgment on the pleadings as a matter of law. First, Defendants allege that the Florida Supreme Court case *Shuster v. South Broward Hosp. Dist. Physicians' Prof'l Liab. Ins. Trust*, 591 So. 2d 174 (Fla. 1992) is dispositive and precludes Abbey Village's breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing claims (referring to Counts II, III, VI and VII).[2] ECF No. 26 at 4–9.

Alternatively, Defendants argue that Abbey Village's breach of the implied covenant of good faith and fair dealing claims are essentially first-party bad faith claims and are, therefore, barred by Abbey Village's failure to file the requisite Civil Remedy Notice ("CRN") with the Florida Department of Financial Services before

---

[2] Greenwich filed a Notice of Joining in Mt. Hawley's Motion (ECF No. 28), which sufficiently explains its reasons for joining in the Motion, states that no conflict of position exists between Mt. Hawley and Greenwich for purposes of the Motion, and requests the same relief sought by Mt. Hawley in its Motion. Abbey Village argues in its Response that Greenwich's Notice of Joinder "is wholly insufficient because the underlying contracts are different and, thus, the conduct and legal analysis relating to Greenwich's breach is different." ECF No. 31 at 1 n. 1. I disagree. Greenwich's Notice of Joinder sufficiently cites its own policy with Abbey Village, and I am satisfied that Greenwich's policy is sufficiently similar to Mt. Hawley's policy so that the same legal analysis applies to both Defendants' alleged breaches. Accordingly, I will attribute the arguments made by Mt. Hawley to both Defendants.

5

filing suit, as required by Fla. Stat. § 624.155. *Id.* at 9–11. Third, Defendants argue that Abbey Village cannot prevail on the breach of contract claims because it did not "cite to a single provision in the [insurance company] contract[s] or explain how the contract[s were] breached." *Id.* at 11. Defendants further argue that Abbey Village cannot prevail on the breach of contract claims because the Policies expressly permitted the alleged conduct. *Id.* at 11-12. Finally, in its initial Reply, Greenwich responds to Abbey Village's argument that Defendants did not address its negligence claims in the Motion, by arguing that the Complaint fails to allege an independent act or tort claim distinguishable from the claims arising out of Defendants' alleged breach of contract, and thus, Abbey Village's negligence claims are barred by the independent tort doctrine. ECF No. 34 at 5–7.

Abbey Village counters in its Response first that the *Shuster* holding does not bar its claims because (1) the facts are wholly different from the facts underlying this case, and (2) this case falls into one of the *Shuster* exceptions because Defendants exposed Abbey Village to an excess judgment even though they settled with the Injury Claimant. ECF No. 52 at 5–8 ("Mt. Hawley blindly paid its own policy limits without obtaining a release for its insured and then specifically directed the claimant to continue to pursue additional money from Abbey Village or its other indemnity.")

Additionally, Abbey Village argues that the procedural requirements of Fla. Stat. § 624.155 do not apply because its breach of the implied covenant of good faith and fair dealing claims are not bad faith claims (statutory or otherwise). *Id.* at 8–11. And, even if Abbey Village had asserted a bad faith claim, Defendants did not

6

plead failure to satisfy a condition precedent as an affirmative defense. *Id*. Finally, Abbey Village argues that it sufficiently alleged the specific portions of the Policies breached by Defendants to support its breach of contract claims and that the Policies required Defendants to defend Abbey Village and investigate claims before settling disputes. *Id*. at 11-14, 14-16.

## DISCUSSION

1. *Breach of Contract (Counts I and V)*

Under Florida law, the interpretation of an insurance contract is a matter of law left to the court. *Gas Kwick, Inc. v. United Pac. Ins. Co.*, 58 F.3d 1536, 1538–39 (11th Cir. 1995). A court will construe an insurance policy in accordance with its plain meaning. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Id*. (quoting *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996)). "In other words, an unambiguous insurance contract will be construed according to its plain terms, without reliance on extrinsic evidence." *Am. Southern Ins. Co. v. Gulf Coast Transp., Inc.*, No. 8:20-cv-1409, 2021 WL 4243719, at *2 (M.D. Fla. Sept. 17, 2021).

To assert a claim for breach of contract Abbey Village is required to plead: "(1) a valid contract; (2) a material breach; and (3) damages." *IMC Group, LLC v. Outar Investment Co., LLC*, 336 So. 3d 1217, 1219 (Fla. 3d DCA 2022). Abbey Village alleges that Defendants breached the Policies by paying the Injury Claimant without

sufficiently and completely investigating the claim and without defending Abbey Village. ¶¶ 20, 35, 51–60. Abbey Village does not point to a provision of either Policy that requires Defendants to investigate a claim before issuing payment to a claimant.

Defendants argue that it is impossible for Abbey Village to establish that Defendants materially breached the Policies because Defendants' actions were specifically permitted under the express words of the contracts. ECF No. 26 at 11. "[I]f an attached document negates a pleader's cause of action, the plain language of the document will control...." *Ship Const. & Funding Services (USA), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1326 (S.D. Fla. 2001) (J. King) (citing *Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 526 (Fla. 2d DCA 1990).

Abbey Village further argues that Mt. Hawley did not "settle" the claim because it only agreed to pay money to the Injury Claimant.[3] ECF No. 52 at 3. Mt. Hawley's agreement to pay money to the Injury Claimant and the Injury Claimant's acceptance of that money is a settlement. For the purpose of analyzing Abbey Village's allegations against Mt. Hawley, this Court finds no distinction between Mt. Hawley's payment of, and the Injury Claimant's acceptance of, an amount within the policy limits and a decision to settle within the policy limits.

The plain language in both of the Policies grant the Defendants the discretion to settle claims without engaging in an investigation. The Mt. Hawley Policy states in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. *We will have the right and duty to defend the*

---

[3] Abbey Village does not make a similar argument with respect to Greenwich.

> *insured against any "suit" seeking those damages ... We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*

ECF No. 1-2 at 28 (emphasis added). The Greenwich Policy has a similar provision:

> "We" will pay on behalf of the "insured" those sums in excess of "underlying insurance" for which an "insured" becomes legally obligated to pay as "damages" to which this insurance applies.
>
> "We" have the right and duty to defend the "insured" against a "suit" seeking "damages" which may be covered under Coverage E – Excess Liability, when the "limits" of "underlying insurance" are exhausted by the payment of claims, settlements, judgments, and/or defense costs if the applicable "limit" of "underlying insurance" is reduced by the payment of defense costs.
>
> If "we" have no duty to defend, "we" have the right to defend or the right to participate with the "insured" or any "underlying insurer" in the defense, investigation, and settlement of "suits" against the "insured" seeking "damages" to which this insurance may apply. However, "we" have no duty to defend the "insured" against a "suit" seeking "damages" to which this policy does not apply.
>
> *At "our" option, "we" may investigate any "occurrence" or offense to which this insurance applies and settle the resulting claims or "suits" for which "we" have the duty to defend.*

*Id.* at 103 (emphasis added). Pursuant to the Policies, the decision to settle a claim is solely within the discretion of each Defendant. Neither Policy predicates Defendants' right to settle a claim on an investigation. Thus, even assuming Defendants failed to investigate before settling the Injury Claimant's claim for an amount within policy limits, that conduct does not constitute a breach of contract.

Abbey Village's breach of contract claims are therefore contradicted by the express terms of the Policies and Defendants are entitled to judgment as a matter of law. *See Am. Southern Ins. Co.*, 2021 WL 4243719, at *4-5 (granting summary judgment where an insured could not identify a provision of the insurance contract

9

that was breached and the insured's allegation of an implied duty regarding settlements was contradicted by the express words of the contract). The Motion should be granted as to Counts I and V.

2. *Breach of Fiduciary Duty (Counts II and VI)*

In Counts II and VI, Abbey Village alleges Defendants breached their fiduciary duties to Abbey Village by "failing to sufficiently investigate the Claim and agreeing to pay an unreasonable sum to settle the Claim rather than defend Plaintiff from the Claim." ¶¶ 71, 93. Under Florida law, "a breach of fiduciary duty claim cannot lie when the complained of conduct is expressly permitted by a written contract." *Am. Southern Ins. Co.*, 2021 WL 4243719, at *4 (citing *Hallock v. Holiday Isle Resort & Marina, Inc.*, 4 So. 3d 17, 21 (Fla. 3d DCA 2009). As discussed above, the Policies at issue expressly permit Defendants to settle a claim within policy limits without an investigation. Thus, Abbey Village can prove no set of facts in support of its claim for breach of a fiduciary duty. *See Am. Southern Ins. Co.*, 2021 WL 4243719, at *4 (granting summary judgment on insureds breach of fiduciary duty claim where the policy permitted the insurer alone to investigate and settle any claim it deemed appropriate). The Motion should be granted as to Counts II and VI.

3. *Breach of the Implied Covenant of Good Faith and Fair Dealing (Counts III and VII)*

In Counts III and VII, Abbey Village alleges that Defendants breached the implied covenant of good faith and fair dealing by agreeing to pay the claim without sufficiently and completely investigating the claim and defending Abbey Village from

the claim. ¶¶ 57-58, 78, 100. All parties agree that *Shuster* is dispositive. ECF Nos. 26, 52, 53.

In the case of *Shuster*, as in this case, the insured argued that his insurance carrier acted in bad faith by entering into settlements without fully investigating the claims and in amounts exceeding reasonable settlement values. *Shuster*, 591 So. 2d at 176. The Florida Supreme Court held that a provision in an insurance policy which grants the insurer the right to settle any claim "as it deems expedient" gives the insurer "the exclusive authority to control settlement and to be guided by its own self-interest when settling the claim for amounts within the policy limits." *Id.* at 176–77. Thus, the Court concluded, the insurance carrier's decision to settle a claim within policy limits for less than its true value was not bad faith performance, and the insured could not maintain a bad faith claim. *Id.* at 177-78.

The language in the Policies in this case is not materially different from the "as it deems expedient" language in *Shuster*. As outlined above, the Mt. Hawley Policy states: "We may*, at our discretion,* investigate any 'occurrence' and settle any claim or 'suit' that may result." ECF No. 1-2 at 28 (emphasis added). Similarly, the Greenwich Policy states: "*At 'our' option,* 'we' *may* investigate any 'occurrence' or offense to which this insurance applies and settle the resulting claims or "suits" for which 'we' have the duty to defend." *Id.* at 103 (emphasis added). This "at our discretion" and "at our option" language is materially identical to the "deems expedient" language seen in the *Shuster* contract because it demonstrates a clear intention to allow the insurance carrier to be guided by its own self-interest when

11

settling claims within policy limits. *Am. Southern Ins. Co.*, 2021 WL 4243719, at *3 (finding similar "consider[s] appropriate" language in an insurance contract to be analogous to the "deems expedient" language seen in the *Shuster* contract).

The *Shuster* Court did note two exceptions to its conclusion that "as it deems expedient" language in a contract gives the insurance carriers the right to settle claims within policy limits without being liable for bad faith performance:

> [I]t is important to note that the discretion granted by a "deems expedient" provision is not absolute. The extent of the discretion granted is determined by the intent and expectations of the parties in entering into the agreement. *Rigel v. National Cas. Co.,* 76 So.2d 285 (Fla. 1954) (the language of an insurance contract should be construed to give effect to the intent of the parties); *James v. Gulf Life Ins. Co.,* 66 So.2d 62 (Fla. 1953) (agreements must be interpreted in accordance with the intent of the parties at the time the agreement is executed, if that intent can be ascertained from the language). For example, when there are multiple parties to a suit, we do not believe a "deems expedient" clause will protect an insurer who, in bad faith, *indiscriminately settles with one or more of the parties for the full policy limits, thus exposing the insured to an excess judgment from the remaining parties.* Clearly, the intent of the parties would not have been to allow the insurer to escape its primary duty to defend and indemnify the insured merely by paying out the full sum of the policy limits in bad faith. *Inter–Ocean Cas. Co. v. Hunt,* 138 Fla. 167, 189 So. 240 (1939) (an insurance contract should not be interpreted so as to deprive the insured of the indemnity that was the purpose behind the execution of the contract),
>
> . . .
>
> Another situation in which this issue may arise is one in which the *insurer acts in bad faith and without regard to the insured's interests by settling a claim in a manner that bars the insured's counterclaim.* See *Barney v. Aetna Cas. & Sur. Co.*, 185 Cal.App.3d 966, 230 Cal.Rptr. 215 (1986). Again, in contrast to the right to settle a claim within the policy limits without considering the impact of higher premiums or damage to the insured's reputation, we do not believe the language of the contract would indicate, nor do we believe it would have been the intent of the

12

>   parties, that the insured give up his or her right to a counterclaim by entering into the agreement.

*Shuster*, 591 So. 2d at 177 (emphasis added).

Abbey Village does not allege facts in the Complaint that bring its causes of action within the ambit of either *Shuster* exception. The Complaint makes no mention of additional liability to the Injury Claimant or even the threat of additional liability; nor does it allege that Defendants' actions prejudiced any counterclaim Abbey Village may have had against the Injury Claimant. Instead, Abbey Village asserts that it has suffered damages only by way of increased insurance premiums that it will have to pay for the next ten years. ¶¶ 58, 59. The *Shuster* court, however, seemingly excluded the impact of higher premiums from its list of exceptions. 591 So. 2d at 177.

The Fourth District Court of Appeal clarified that *Shuster* did not create an exception for insureds who incurred increased insurance premiums. *Rogers v. Chicago Ins. Co.*, 964 So. 2d 280, 284 (Fla. 4th DCA 2007). In *Rogers*, the Fourth District Court of Appeal analyzed whether an insured had a cause of action to recover collateral damages from its insurer for failure to exercise good faith in its conduct of a presuit investigation and settlement of claims against him. 964 So. 2d at 281. The insured alleged "violations of both the presuit investigation procedure pursuant to section 766.106 and violation of the duty of good faith settlement in the best interests of the insured under section 627.4147." *Id*. at 281-82. The insured sought to recover damages based on the insurers refusal to renew his policy which caused him to pay substantially more in premiums. *Id*. at 282. According to the insured, if the insurance company had properly investigated the claim, "it would have discovered that the suit

was completely defensible." *Id.* After analyzing the rules of statutory construction and the holding of *Shuster*, the court ultimately held that a claim for collateral damages, such as increased insurance premiums, did not support a claim against an insurer for failure to exercise good faith in settling a claim within policy limits. *Id.* at 284 ("We conclude that the statutory language, requiring that any settlement be in the best interests of the insured, means the interests of the insured's rights under the policy, not some collateral effect unconnected with the claim").

In a subsequent case, the Fourth District Court of Appeal explicitly stated: "In addition to our holding in *Rogers, Shuster* makes it clear that higher insurance premiums and damages to the insured's reputation are not examples of bad faith by the carrier in settlement of the covered claim within policy limits." *Freeman v. Cohen*, 969 So. 2d 1150, 1154 (Fla. 4th DCA 2007). Accordingly, Abbey Village cannot maintain an action against Defendants for failure to exercise good faith in settling a claim within policy limits on the basis that Abbey Village has suffered increased insurance premiums.

Abbey Village argues for the first time in its response to the Motion that the first exception described in *Shuster* applies because Mt. Hawley failed to obtain a release when it agreed to pay $1,000,000 to the Injury Claimant. ECF No. 31 at 3. As an initial matter, the Complaint does not allege that Abbey Village was exposed to personal liability to the Injury Claimant. Even if Abbey Village was exposed to personal liability due to Mt. Hawley's payment to the Injury Claimant, "it is improper to raise new factual allegations for the first time in response to a motion for judgment

14

on the pleadings." *See Ivax LLC v. Celgene Corp.*, No. 12-61917-CIV-DIMITROULEAS/SNOW, 2013 WL 12085972, at *2 (S.D. Fla. Mar. 7, 2013) (J. Dimitrouleas). Abbey Village had an obligation to give Mt. Hawley and Greenwich notice of its claims and their bases. *See id.* To the extent Abbey Village intended to allege that Defendants settled with the Injury Claimant and subjected Abbey Village to an excess judgment due to their failure to obtain a release, Abbey Village should have sought leave to file an amended complaint.[4] Abbey Village has not done so.

In addition, to the extent Abbey Village argues that Greenwich's payment to the Injury Claimant qualified as an excess judgment due to Mt. Hawley's failure to obtain a release, that argument is unavailing. "[A]n excess judgment is defined as the difference between all available insurance coverage and the amount of the verdict recovered by the injured party." *Perera v. U.S. Fidelity & Guar. Co.*, 35 So. 3d 893, 902 (Fla. 2010). Payment by more than one insurer does not constitute an excess

---

[4] Pursuant to this Court's June 9, 2022, order (ECF No. 45), the parties submitted memoranda regarding whether the Court could consider, at this procedural posture, the Settlement Agreement and Release attached to Greenwich's initial Reply (ECF No. 34-1). ECF Nos. 50, 51, 54, 56. Abbey Village argues that the Settlement Agreement and Release should not be considered by this Court because a motion for judgment on the pleadings is generally limited to the four corners of the complaint. ECF No. 54 at 2. Abbey Village further argues that the Settlement Agreement and Release do not fall within the narrow exception which permits consideration of extraneous material if the document is "(1) central to the plaintiff's claim and (2) undisputed." *Id.* at 3-5 (citing *Myers v. Provident Life & Accident Ins. Co.*, 472 F. Supp. 3d 1149, 1163 (M.D. Fla. 2020). Because this Court concludes that Abbey Village cannot maintain a claim against Defendants under Florida law for failure to exercise good faith in settling a claim within policy limits due to increased premiums, the Settlement Agreement and Release is irrelevant to the Court's inquiry. Separately, the existence of the Settlement Agreement and Release is irrelevant to this Court's conclusion that Abbey Village cannot raise a new factual allegation in response to the Motion; thus, the Court need not evaluate whether it can consider the document at this stage of the litigation.

15

judgment against the insured. *Id.* Thus, Abbey Village has failed to bring its causes of action within the first exception outlined in *Shuster*.

Because this Court concludes that Abbey Village cannot maintain a claim against Defendants under Florida law for failure to exercise good faith in settling a claim within policy limits due to increased premiums, the Court need not reach the parties' other arguments. The Motion should be granted as to Counts III and VII.

4. *Negligence (Counts IV and VIII)*

Defendants' Motion does not reference Abbey Village's negligence claims. Defendant Greenwich asserts for the first time in its initial Reply that it is entitled to judgment on the pleadings on Count VIII because Abbey Village's negligence claim is barred by the independent tort doctrine. ECF No. 34 at 5-7. A party cannot raise an argument for the first time in a reply pleading. *See Guy Roofing, Inc. v. Angel Enterprises, LLC*, No. 17-14081-CIV-ROSENBERG/MAYNARD, 2017 WL 8890873, at *3 (S.D. Fla. Sept. 6, 2017) (J. Maynard) (collecting cases), *report and recommendation adopted*, 2017 WL 8890874 (S.D. Fla. Sept. 26, 2017) (J. Rosenberg). To the extent the Motion seeks judgment on the pleadings as to Counts IV and VIII, the Motion should be denied.

## **CONCLUSION**

Abbey Village cannot maintain causes of action for breach of contract or breach of fiduciary duty against Defendants because the Policies at issue explicitly permit the alleged conduct. Under *Shuster,* Abbey Village cannot maintain actions for breach of the implied covenant of good faith and fair dealing against Defendants because the

Policies granted Defendants exclusive authority to control settlement when settling the claim for amounts within the policy limits and collateral damages do not support a claim of bad faith against an insurer. Because Defendants did not properly move for judgment on the pleadings as to Abbey Village's allegations of negligence, Defendants are not entitled to judgment as a matter of law as to those claims.

## RECOMMENDATION

WHEREFORE, the undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings (ECF No. 26) be **GRANTED IN PART and DENIED IN PART**. The Motion should be denied as to Counts IV and VIII. The Motion should be granted as to Counts I, II, III, V, VI, and VII.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 16th day of August, 2022, at West Palm Beach in the Southern District of Florida.

*[signature]*

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE